CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 6 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN LEE HIGGS,<br>    Plaintiff, | Civil Action No. 7:05cv00721 |
| v. | MEMORANDUM OPINION |
| ROCKINGHAM COUNTY JAIL, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Brian Lee Higgs, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Higgs alleges that the defendants have denied him his "right to education" by refusing to allow him to continue participating in an educational correspondence course. Higgs seeks a transfer to another institution. The court finds that Higgs' complaint fails to state a claim upon which the court may grant relief and, therefore dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.[1]

I.

The Eighth Amendment does not guarantee an inmate the right to educational opportunities. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981) ("[L]imited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to

---

[1] Further, Rockingham County Jail and the Department of Corrections are not "persons" and therefore, are not proper defendants in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Wilson an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

rehabilitation violates the Constitution."); Gholson v. Murry, 953 F.Supp. 709, 719 (E.D. Va. 1997) ("[I]t is unlikely that contemporary society would find the deprivation to segregation inmates of work opportunities and certain types of education to be cruel and unusual punishment."). Accordingly, Higgs' claims are not of constitutional magnitude, and, because Higgs has failed to allege the violation of a right guaranteed by the Constitution or other laws, his claims are not cognizable under § 1983.

## II.

For the reasons stated herein, the court dismisses Higgs' claims pursuant to § 1915A(b)(1) for failure to state a claim upon which the court may grant relief.

**ENTER:** This 6th day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE